UNITED STATES of America,
Plaintiff–Appellee

v.

Jesus Fernando VAZQUEZ ROSALES, also known as Jesus Fernando Vazquez, Defendant–Appellant.

No. 14–51287
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 2015.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Laura G. Greenberg, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jesus Fernando Vazquez Rosales appeals the 57–month within-guidelines sen-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

tence imposed by the district court following his guilty plea conviction for illegal reentry into the United States after removal. He argues that the sentence was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a) and was therefore unreasonable.

Vasquez Rosales contends that U.S.S.G. § 2L1.2 lacks an empirical basis, improperly double counts his criminal history, and overstates the seriousness of his offense, which is simply an international trespass. He further argues that his motive for returning to the United States was to work to support his children. Because Vasquez Rosales objected to the substantive reasonableness of his sentence, he preserved this issue for appellate review. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir.2007).

This court has rejected the arguments that § 2L1.2 improperly double counts prior convictions and that its lack of an empirical basis necessarily renders a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir.2009); *United States v. Mondragon–Santiago*, 564 F.3d 357, 366–67 (5th Cir.2009). This court has also rejected the argument that § 2L1.2 overstates the seriousness of the offense because it is simply an international trespass. *United States v. Juarez–Duarte*, 513 F.3d 204, 212 (5th Cir.2008). The district court sentenced Vasquez Rosales within the guidelines range after listening to his mitigating arguments. Vazquez Rosales's reliance on mitigating facts, including his history of living in the United States and his motive of returning to work to support his children, fails to rebut the presumption of reasonableness attached to his within-guidelines sentence. *See United States v. Gomez–Herrera*, 523 F.3d 554, 565–66 (5th Cir.2008). As Vasquez Rosales concedes, his contention that the limited circumstances set forth in 5TH CIR.

this presumption should not apply is foreclosed. *See Mondragon–Santiago*, 564 F.3d at 366–67.

For these reasons, the judgment of the district court is AFFIRMED.